CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE. VA
FILED
for Roanoke
MAY 25 2010
JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| QUINTON F. CROOM,<br>Plaintiff, | ) ) ) | Civil Action No. 7:09-cv-00399 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WARDEN SAM YOUNG, et al.,<br>Defendants. | ) ) ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Quinton F. Croom, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Croom alleges that the defendants, K-9 Correctional Officer Fullen and Warden Sam Young, exercised excessive force against him and failed to supervise Officer Fullen, respectively. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. The court previously advised plaintiff that he failed to state a claim upon which relief may be granted, and plaintiff responded. After reviewing plaintiff's submissions, I dismiss the claims against Warden Young.

I.

Plaintiff alleges the following facts. Plaintiff lost consciousness after sustaining head trauma during an altercation inside a prison and then woke up disoriented. Correctional officers arrived in response to the altercation, and plaintiff complied with a correctional officer's order that all the prisoners in the area lay down on the floor. Plaintiff was not a threat in any way to any officer. However, defendant Fuller allegedly threw his trained K9 at plaintiff and ordered it to bite him while he passively laid on the ground, still disoriented from the head trauma. Witnesses allegedly told plaintiff that Fuller said that he wanted to see if the K9 would bite. Plaintiff received medical treatment from the prison and a regional hospital for his head trauma and dog bite. Plaintiff further alleges that video cameras recorded these events.

Plaintiff claims Fuller used his K9 to inflict excessive force. Plaintiff's claim against Warden Young is that he "failed in his duty as warden to recognize defendant Fuller's lack of training and that this lack of training caused Fuller to have his K9 attack plaintiff."

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I

liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

A prisoner alleging excessive force must objectively show that a defendant "inflicted unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 320 (1986). See Wilson v. Seiter, 501 U.S. 294, 298 (1991) (holding that an an Eighth Amendment claim for excessive force requires an objective deprivation of a basic human need and that prison officials subjectively acted with a sufficiently culpable state of mind). Therefore, the proper inquiry is whether the force applied was "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. The subjective component encompasses "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." Id. at 321 (internal quotation marks, alterations, and citation omitted). The objective element generally requires more than a de minimis use of force. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). See Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175 (Feb. 22, 2010) (explaining core judicial inquiry is not the extent of the injury but the nature of the force – whether it was nontrivial and applied maliciously and sadistically to cause harm).

Liberally construing plaintiff's pro se pleading, plaintiff presently states a claim against Officer Fuller. Plaintiff alleges that Fuller caused puncture wounds via a dog bite on a dazed and

3

compliant prisoner, the sole reason being to determine if his K9 would actually bite plaintiff, and the bites required emergency medical treatment. However, plaintiff fails to state a claim against the warden because he does not allege any personal involvement by the warden.

A complaint fails to state a claim when, in light of the nature of the action, it insufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff fails to link the Warden to Fuller's action beyond his baseless, conclusory accusation that the Warden failed to train Fuller. See Shaw v. Stroud, 13 F. 3d 791, 799 (4th Cir. 1994) (discussing elements for supervisory § 1983 liability). Furthermore, plaintiff fails to establish that the Warden had fair notice that Fuller engaged in the practice of constitutional or statutory deprivations or that a sufficient nexus existed between the Warden's alleged failure and Fuller's alleged violations. See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989) (discussing failure to train claims). Moreover, supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Therefore, plaintiff fails to state a claim against Warden Young, and he is terminated as a defendant.

III.

For the foregoing reasons, I dismiss the claim made against Warden Young and terminate him as a defendant to this action, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 25th day of May, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge